# United States District Court

EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| DE-CHU CHRISTOPHER TANG | § | |
| | § | Civil Action No. 4:20-CV-63 |
| v. | § | (Judge Mazzant/Judge Nowak) |
| | § | |
| ALTIMMUNE, INC., ET AL. | § | |
| | § | |

## MEMORANDUM ADOPTING REPORT AND
## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636.  On December 1, 2020, the report of the Magistrate Judge (Dkt. #68) was entered containing proposed findings of fact and recommendations that Defendants' Motions to Dismiss (Dkts. #41 Sealed; #43) be granted and Plaintiff De-chu Christopher Tang's claims be dismissed without prejudice.  Having received the report of the Magistrate Judge, considered Plaintiff's Objections (Dkt. #70), Defendants' Response (Dkt. #71), and Plaintiff's Reply (Dkt. #72), and conducted a de novo review, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and adopts the Magistrate Judge's report.

## RELEVANT BACKGROUND

Plaintiff is a Texas resident who filed suit in the 471st District Court in Collin County, Texas, on December 10, 2019; his suit was removed on January 24, 2020.  Plaintiff asserts claims against the company Altimmune, Altimmune's CEO Vipin K. Garg, and Altimmune's current board member David J. Drutz for breach of settlement agreement, plagiarism, "AdHigh system," "alleged manipulation of the share price of the alt stock," and "wasting government grant money and poisoning science by leaving data to rot." Plaintiff previously sued Altimmune in the Northern District of Alabama, which  culminated  in the entry of a  final consent judgment and permanent

injunction in August 2016.  *See Tang v. Altimmune Inc*, No. 2:13-cv-00401-SLB (N.D. Ala. Aug. 25, 2016), ECF No. 104.  Plaintiff now seeks relief in the Eastern District of Texas from these non-Texas residents for events that occurred outside Texas.

## OBJECTION TO REPORT AND RECOMMENDATION

A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a de novo review of those findings or recommendations to which the party specifically objects.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(2)–(3).

The Magistrate Judge's report recommended Defendants' Motions to Dismiss be granted as the Court lacks personal jurisdiction over Defendants.  Plaintiff's Objections "pray[] that Defendants' alleged crimes []not be allowed to escape jurisdiction through a crack between states," and lists in table form ("Plaintiff's Table") Defendants' alleged "[a]ssociation with Texas" stemming from their "alleged crimes"  (Dkt. #70 at pp. 2–6).  Plaintiff also, with no explanation of its relevance to the question of jurisdiction in this suit, rails against Defendants' clinical trials of vaccines and seemingly threatens the impending filing of a new action (Dkts. #70 at pp. 1–2; #70-2 at pp. 1–2).  Defendants ask the Court to adopt the report in full, urging that Plaintiff's "objections fall far short of the specificity and relevance required under the law," and that, in fact, Plaintiff has tacitly acknowledged the lack of personal jurisdiction here, and that "[t]he only potential interaction with the State of Texas noted by Plaintiff in any pleadings are emails sent to Plaintiff" (Dkt. #71 at pp. 1–2, 8).  Defendants point out that Plaintiff continues to rely on his own residence in Texas to supply personal jurisdiction rather than identify Defendants' actions related to Texas (Dkt. #71 at pp. 5–6).  To this end, in reply, Plaintiff continues to advance personal jurisdiction exists as a result of the harms "inflicted upon Plaintiff" after he "moved back to Texas in 2015" (Dkt. #72 at pp. 1, 3).  He further asks the Court to "unseal the filings" in this case (Dkt. #72 at p. 5).

"General jurisdiction exists only when the defendant's contacts with the forum state are so '"continuous and systematic" as to render them essentially at home in the forum State." *Lahman v. Nationwide Provider Sols.*, No. 4:17-CV-00305, 2018 WL 3035916, at *5 (E.D. Tex. June 19, 2018) (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014); citing *Helicopteros Nacionales de Colom., S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984)).   The Magistrate Judge concluded that "Plaintiff's allegations fail to demonstrate [the requisite] 'continuous and systematic' contacts that [would] render Defendants 'at home' in Texas" (Dkt. #68 at p. 9).  Plaintiff's Table contains no objections to this finding, and merely rehashes generalized allegations of harm to "human culture worldwide" with "national or global impacts" that is "not specific to one state" (Dkts. #70 at p. 3; #72 at pp. 3–4).  Such references are simply "insufficient to support general jurisdiction." *See Johnston*, 523 F.3d at 610.

Similarly, regarding specific jurisdiction, the Magistrate Judge concluded in relevant part:

The totality of Plaintiff's allegations which form the basis of his claims involve actions by Defendant Altimmune that occurred outside of Texas: Defendants' purported refusal to turn over the laboratory notebooks that are located outside Texas, plagiarism that occurred outside Texas, refusal to destroy the AdHigh system that is outside Texas, and stock-related conduct that is outside Texas . . . . The three emails that were sent to Plaintiff while he was living in Texas do not constitute actions directed *toward* Texas . . . . These emails are "fortuitous" or "attenuated" contacts, which are insufficient to confer personal jurisdiction . . . . This is particularly the case, here, given that the emails were sent by Defendants regarding an unrelated request for Plaintiff to execute certain forms and reminding Plaintiff not to contact to Altimmune's board directly . . . .  None of the three communications give rise to Plaintiff's claims; at most, they simply list the complaints Plaintiff tries to allege in this cause.  Plaintiff's "unilateral activities in Texas"—here, responding to Defendants' emails to claim they violated the settlement agreement or final consent judgment—do "not constitute minimum contacts" because Defendants "did not perform any [contractual] obligations in Texas, the contract did not require performance in Texas, and the contract is centered outside of Texas" . . . .  Defendants' purported actions were not directed at Texas and "have no relation to Texas other than the fortuity that [Plaintiff] reside[s] there."

(Dkt. #68 at pp. 11–12).  Again, Plaintiff's Table identifies no actions taken by Defendants that have any reference to Texas.  Specific jurisdiction is proper when the plaintiff alleges a cause of action that grows out of or relates to a contact between the defendant and the forum state. *Helicopteros Nacionales de Colom., S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984).  There are no such contacts with the State of Texas here.  Plaintiff asks the Court to exercise personal jurisdiction over Defendants based on the mere fortuity that Plaintiff now resides in Texas, which the Court may not do.  *See Panda Brandywine Corp. v. Potomac Electric Power Co.*, 253 F.3d 865, 869 (5th Cir. 2001).

The remaining points raised by Plaintiff illustrate Plaintiff's misunderstanding of both the nature of personal jurisdiction and the applicable burden.  Without personal jurisdiction, a "court is powerless to proceed to an adjudication." *Pervasive Software Inc. v. Lexware GmbH & Co. KG*, 688 F.3d 214, 231 (5th Cir. 2012) (quoting *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999)).  Thus, even if Plaintiff were correct that Defendants have been properly served or even if Plaintiff proffered a basis in the law for the Court to "order Defendants to expound their rationale in their decision to continuously perform human clinical trials"—which he does not —the Court would still lack personal jurisdiction.  These issues are immaterial to the analysis of personal jurisdiction.  Moreover, the burden of establishing personal jurisdiction is on Plaintiff —not Defendants.  *See Johnston*, 523 F.3d at 609.  Plaintiff has failed to plead a basis for personal jurisdiction.  Plaintiff's objections are overruled.

Finally, Plaintiff asks the Court to unseal filings so that other individuals can review them. The Court has previously concluded certain filings shall be sealed (Dkts. #27; #44; #63), and Plaintiff provides no basis for disturbing these findings.  In sum, the Court adopts the Magistrate Judge's report in full.

## CONCLUSION

Having considered Plaintiff's Objections (Dkt. #70), Defendants' Response (Dkt. #71), and Plaintiff's Reply (Dkt. #72), the Court adopts the Magistrate Judge's Report and Recommendation (Dkt. #68) as the findings and conclusions of the Court.  Accordingly,

It is therefore **ORDERED** that Defendants' Motions to Dismiss (Dkts. #41 Sealed; #43) are **GRANTED**.  Plaintiff's case is **DISMISSED WITHOUT PREJUDICE** for lack of personal jurisdiction.

All relief not previously granted is **DENIED**.

The Clerk is directed to **CLOSE** this civil action.

**IT IS SO ORDERED**.
 **SIGNED this 25th day of March, 2021.**


AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE